## Koontz's administrator *versus* Howsare.

1. An executor or administrator, against whom in his representative capacity a judgment has been rendered in a suit before a justice of the peace for wages of manual labor, may appeal from said judgment to the Common Pleas without filing the affidavit and entering security for the debt and costs prescribed by the Act of April 20th 1876, § 1, P. L. 43.

2. *Semble*, the same privilege extends to other persons sued in a representative capacity.

May 8th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Bedford county :* Of January term, 1882, No. 145.

This was, in the court below, an appeal by Josiah Koontz, administrator of Susan Koontz, deceased, from the judgment of a justice of the peace, in a suit brought by Mary Jane Howsare against the said Josiah Koontz, administrator, to recover for wages of manual labor, claimed to be due the plaintiff by the defendant's intestate.

The defendant took an appeal to the Court of Common Pleas and entered security for payment of costs. On motion of plaintiff's attorney, the court granted a rule to show cause why the said appeal should not be stricken off, on the ground that the defendant failed to file an affidavit that the appeal was not intended for delay, and to enter security for the debt and costs before taking his appeal, as required by the Act of April 20, 1876, P. L. 43, § 1, which provides as follows, to wit : "That in all cases in which judgment shall have been rendered by any justice of the peace or alderman in this commonwealth for wages of manual labor, before the defendant shall be entitled to appeal from the judgment of the justice or alderman, he or his agent or attorney shall make oath or affirmation that the appeal is not intended for the purpose of delay, but that he believes injustice has been done him, which affidavit shall be attached to and sent up with the transcript of appeal ; and the said defendant shall be required to give good and sufficient bail for the payment of the debt and costs, to be paid when finally adjudged to be due the plaintiff by the court in all cases of labor."

The defendant filed an answer to the rule, whereupon the court referred the matter to an auditor, to report the facts and law. The auditor reported : "The nature and character of the services rendered were, prior to plaintiff's arrival at the age of eighteen years, in part as a servant of the family of the deceased ; and subsequently, and partly before, *manual labor*, and in part was of a most laborious kind, such as working in the

fields, picking stones, making fence, hauling manure, grubbing, and the like." He further reported his opinion that the rule be made absolute, and the appeal dismissed, on the ground that " the first section of the act of April 20th 1876, is a new and independent enactment, applicable to this case, and its provisions as to filing the affidavit and entering security for the debt, etc., must be complied with to make an appeal effective."

Exceptions filed to the report of the auditor were overruled by the court, the report confirmed, and the rule to strike off the appeal made absolute. Whereupon the administrator took this writ of error, assigning for error the said action and order of the court.

*Longnecker* (*Russell* with him) for the plaintiff in error.— The act of 1876 is a supplement or addendum to the act of April 9th 1872. Both acts are in pari materia, and must be construed together ; so construed, the claim is not within them, and the appeal is governed by the act of March 20th 1810, which exempts executors and administrators from the duty to enter security. The act of 1876, § 1, even if applicable to this cause of action, should not be construed to apply to persons sued in a representative capacity.

*R. M. Reynolds*, for the defendant in error.—The first section of the act of 1876 is not a supplement to the act of 1872. That section refers to wages of manual labor generally. The second and third sections relate to the wages secured by the act of 1872. The filing of the affidavit, &c., under the first section, is a condition precedent to an appeal : See Mountney *v.* McFarland, 7 Phila. 392 ; Carter *v.* Hess, 3 W. N. C. 325.

There is no reason why one sued in a representative capacity should be excused from making the affidavit, even if exempted from entering security. The rule applies with greater force to that class. In M'Connel, et al., administrators *v.* Morton, 1 Jones 398, in an appeal from an award of arbitrators, Justice COULTER says : " We see no good reason why a person who sues or is sued in a representative capacity, should be exempted from making the affidavit. If they have no purpose of mere delay, and honestly believe that a jury trial is necessary to do justice, they can obtain that trial by complying with the statute." The court in that case sustained the order dismissing the appeal.

Mr. Justice STERRETT delivered the opinion of the court October 2d 1882.

The controlling question in this case is, whether an administrator or other person sued in a representative capacity, and

[Koontz *v*. Howsare.]

against whom a judgment has been rendered by a justice of the peace, on a claim for manual labor, has a right to appeal without making the oath, and giving the security prescribed by the first section of the act, entitled, " an act regulating appeals from the judgment of justices of the peace and aldermen in this commonwealth for the wages of manual labor," etc., approved April 20th 1876 : P. L. 43.

While the phraseology of the act itself is sufficiently comprehensive to include personal representatives, we think they are not within its spirit, when it is properly construed in connection with previous legislation on the subject of appeals from justices of the peace; especially the general act of 1810, in which they are expressly excepted from the provisions requiring appellants to give security. These acts are *in pari materia*, and should be construed together. We can readily understand why the legislature should require those defending, in their own right, against claims for manual labor, to make the affidavit and give security, not only for the cost, but also for the claim ; but it would be extremely difficult to assign a satisfactory reason for applying the same provision to those sued in a representative capacity, and previously exempt from giving security in any form. The reasons which induced the exception contained in the act of 1810, apply with greater force to the act of 1876 ; and in the absence of a clearly expressed intention to the contrary, we are constrained to conclude, that the act does not apply to personal representatives. In thus limiting the operation of the act to those defending in their own right against the class of claims mentioned therein, we give it all the effect the legislature intended, and certainly all that it reasonably should have.

This view accords with the construction given by this court to the act of July 26th 1842, P. L. 431, providing for appeals from Nisi Prius to the court in banc, which requires the party appealing to give absolute security for the payment of all damages and costs in case the proceedings were affirmed. In Maule *v.* Shaffer, 2 Barr 404, on a motion to quash an appeal taken by executors without giving security, it was held they were not within the act ; and Mr. Justice KENNEDY, referring to the 7th and 8th sections of the act of June 16, 1836, the latter of which exempts persons suing or defending in a representative capacity from giving security on a writ of error, says : " Whether the legislature had these sections of the act in view or not, at the time they gave the right of appeal from a judgment of the Court of Nisi Prius, we feel satisfied that they never could have intended to require an executor or administrator to give the security contemplated by the act of 1842. It would be most highly unjust and unreasonable to require such security of an

[Weast v. Derrick.]

executor or administrator, who may have no assets of the estate in his hands wherewith to pay damages and costs. The inevitable consequence would be, in almost every case where a judgment shall be rendered against an executor as such, though highly unjust and illegal, that it would have to be submitted to."

It also accords with the judicial construction given to rules of court, requiring, in general terms, the filing of affidavits of defense. It has been uniformly held that they do not apply to persons defending in a representative capacity : Umberger v. Zearing, 8 S. & R. 163; Read v. Bush, 5 Binney 455. The reason given is that it is not to be supposed that an executor has sufficient knowledge of his testator's affairs to justify him in making oath on the subject.

M'Connel v. Morton, 1 Jones 398, is cited as an authority on the other side. An examination of the case will show that there was in the act then under consideration an express exception in favor of personal representatives as to payment of costs and entering into recognizance, but it was silent as to the making of an affidavit. The court says : "This exception does not embrace the making of the affidavit, and the old maxim is, that the exception proves the rule, that is, makes the general rule good so far as the exception does not reach." More recently, in Murray v. Sharp, 22 P. F. Smith 360, it was held that executors and administrators may appeal from awards of arbitrators without payment of costs, or entering into recognizance, although they may have taken out the rule of reference.

The order should be reversed on the first, third and fifth assignments. The remaining assignments are not sustained.

The order of court striking off the appeal is reversed and set aside, and appeal reinstated.